UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENDALL DEJUAN SIMON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA,<br><br>　　　　　Defendant. | No.  2:21-cv-1418 AC P<br><br><br><br>ORDER |

  Plaintiff, a civil detainee proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

 I. <u>Application to Proceed In Forma Pauperis</u>

  Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

 II. <u>Statutory Screening of Prisoner Complaints</u>

  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

////

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. Complaint

The complaint alleges that defendant State of California has subjected plaintiff to false imprisonment, criminal negligence, false arrest, and kidnapping. ECF No. 1. Plaintiff alleges that he was kidnapped by intoxicated police officers in Beverly Hills and was incarcerated for over four years. Id. at 3-5. He appears to further allege that he went to trial and was found innocent, but continues to be held in an institution because the state courts have ignored the fact that he was not read his Miranda rights and there was no evidence against him. Id. at 3-4. He seeks unspecified financial relief. Id. at 6.

### IV. Failure to State a Claim

"[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 663 (1974) (citations omitted). "Will[v. Michigan Department of State Police, 491 U.S. 58 (1989),] establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court." Howlett v. Rose, 496 U.S. 356, 365 (1990). Accordingly, because the only defendant plaintiff has named is the State of California, his claims are barred by sovereign immunity.

Furthermore, to the extent plaintiff is attempting to allege state law claims, the court will not exercise supplemental jurisdiction over such claims unless plaintiff has also stated a cognizable claim for relief under federal law. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 & n.7 (1988) (when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction).

### V. Leave to Amend

The undersigned finds that, because the State of California is not a proper defendant, the complaint fails to state a claim upon which relief may be granted. However, because it appears possible that plaintiff may be able to amend the complaint to name a proper defendant and state a claim for relief, he will be given an opportunity to amend the complaint. See Lopez v. Smith, 203

F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (leave to amend should be granted if it appears plaintiff may be able to cure defects in complaint).

Plaintiff is advised that if, upon amending the complaint, all defendants appear to reside in Los Angeles County, as appears likely from the current allegations, this case will be transferred to the United States District Court for the Central District of California.[1]  See 28 U.S.C. § 1391(b) (venue proper where defendants reside or where substantial part of events giving rise to claim occurred).  Plaintiff is further advised that if he is attempting to challenge his current confinement in the state hospital, he must do so by way of a habeas petition, which, based upon the current allegations, would also be properly before the United States District Court for the Central District of California.  See 28 U.S.C. § 2241(d) (jurisdiction for habeas petitions is proper in district of conviction and district of confinement).

VI.     Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

You are being given leave to amend because the State of California is not a proper defendant.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis, ECF No. 2, is GRANTED.

2. Plaintiff's complaint seeks monetary relief from a defendant who is immune from such relief, see 28 U.S.C. § 1915A, and will not be served.

3. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Plaintiff must file an original and two copies of the amended complaint.  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

---

[1] Plaintiff is also free to voluntarily dismiss this action and initiate new proceedings in the United States District Court for the Central District of California.

4. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: August 11, 2021

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE