UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENDALL DEJUAN SIMON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA,<br><br>　　　　　Defendants. | No.  2:21-cv-1418 AC P<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a civil detainee proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983, has filed a first amended complaint.  ECF No. 5.

I.　　Statutory Screening of Prisoner Complaints

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

1  stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a
2  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.
3  Franklin, 745 F.2d at 1227-28 (citations omitted).

4     "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
5  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
6  what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550
7  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
8  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context
9  of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,
10 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure
11 to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a
12 cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the
13 speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain
14 something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally
15 cognizable right of action.'"  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur
16 R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

17    "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
18 relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
19 Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual
20 content that allows the court to draw the reasonable inference that the defendant is liable for the
21 misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this
22 standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.
23 Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the
24 pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,
25 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

26    II.    First Amended Complaint

27    Despite being explicitly advised that the State of California was immune from suit and
28 could not be a defendant, plaintiff has once again alleged that defendant State of California has

2

subjected plaintiff to false imprisonment, criminal negligence, false arrest, and kidnapping. ECF No. 5. No other defendants are named. Id. Plaintiff seeks freedom from incarceration and damages. Id. at 6.

As the court previously advised, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 663 (1974) (citations omitted). "Will[v. Michigan Department of State Police, 491 U.S. 58 (1989),] establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court." Howlett v. Rose, 496 U.S. 356, 365 (1990). Because plaintiff has once again named only the State of California, his claims are barred by sovereign immunity. To the extent plaintiff is attempting to allege state law claims, the court will not exercise supplemental jurisdiction over such claims unless plaintiff has also stated a cognizable claim for relief under federal law. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 & n.7 (1988) (when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction).

To the extent plaintiff's request to be released from custody indicates that he is attempting to challenge the legality of his confinement, that claim is not appropriate here. See Nettles v. Grounds, 830 F.3d 922, 933 (9th Cir. 2016) ("habeas corpus is the exclusive remedy to attack the legality of the conviction or sentence"). Plaintiff was previously advised that any challenge to his current confinement in the state hospital must be done by way of habeas petition. ECF No. 4 at 4. Since it appears from the allegations that any such petition would be properly before the United States District Court for the Central District of California,[1] the court should decline to offer plaintiff the option to convert this action to a habeas petition.

III.   No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31

---

[1] Both the original and amended complaints indicate that plaintiff was arrested and confined in Los Angeles County.

3

(9th Cir. 2000) (en banc). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the first amended complaint fails to state a claim upon which relief may be granted. Given that the first amended complaint once again names only the State of California despite clear instruction that it cannot be a defendant and any habeas action would not be properly before this court, it does not appear that further amendment would result in a cognizable claim. As a result, leave to amend would be futile and the first amended complaint should be dismissed without leave to amend.

### IV. Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that your complaint be dismissed without leave to amend because the only defendant you have named cannot be sued in federal court. If you are trying to challenge the legality of your confinement, you need to file a habeas petition and it appears that the proper place to file a petition is the United States District Court for the Central District of California.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the first amended complaint be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

////
////
////
////

time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 29, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE